Filed 9/28/16  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065162 |
| v. | (Super.Ct.No. FSB903645) |
| LORAN L. LEWIS, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On April 29, 2010, defendant and appellant, Loran L. Lewis, pled guilty to two counts of voluntary manslaughter. (Pen. Code, § 192, subd. (a).)[1] Pursuant to the plea agreement, the court sentenced defendant to two, concurrent, three-year determinate terms of imprisonment to run consecutive with the sentence he was already serving, 50 years to life, for a total term of 53 years to life.

On November 14, 2012, defendant filed a petition for "recall of sentence" pursuant to section 1170.126, which the court denied. In an opinion filed July 23, 2015, on appeal from the court's denial of his petition, we reversed and ordered the trial court to exercise its discretion on the issue of whether a reduction of defendant's sentence posed an unreasonable risk of danger to public safety. On remand, the court again denied the petition, finding defendant ineligible for resentencing and, regardless, finding that he posed an unreasonable risk of danger to public safety.

After defendant filed a notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and identifying two potentially arguable issues: (1) whether the court erred in finding defendant was armed with a deadly weapon in his commission of

---

[1] Defendant has been the subject of three prior opinions issued in this court in previous appeals. We take judicial notice of those opinions, two in case No. E031035, and one in case No. E0640430. (Evid. Code, § 459, subd. (a).) All further statutory references are to the Penal Code unless otherwise indicated.

the offenses and, therefore, ineligible for resentencing; and (2) whether the court erred in finding defendant posed an unreasonable risk of danger to the community. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 1999, defendant and his codefendant (collectively defendants) stole a van from a store parking lot in Rialto, California. They abandoned the van in Redlands with the engine running. They had broken out one of the windows and had jimmied the ignition.

Defendants stole another vehicle from a home a short distance away from the abandoned van. The owner of the second stolen car heard the vehicle door slam; she ran to her front porch and saw her car backing out of the driveway. She called the police.

Redlands police officers heard the dispatch announcement of the theft and, within minutes, spotted the stolen car. Defendants were inside. The officers observed the stolen car run a stop sign, turn without signaling, cross into opposing lanes to pass cars stopped at a traffic signal, and make other dangerous maneuvers.

The officers activated their red lights and siren, and gave pursuit. The stolen car entered the freeway and traveled in the right lane at approximately 70 miles per hour. The stolen car slowed somewhat as it approached an interchange. At the last minute, the stolen car swerved from the right-hand interchange lane across four lanes of traffic to the center lane. A short time later, the stolen car veered to the right, cutting in front of and almost striking a semitruck.

The officers, still in pursuit, maneuvered around the semitruck and followed the stolen car as it exited the freeway. The stolen car proceeded through one signal without incident, traveling at approximately 70 miles per hour. At the next intersection, the stolen car ran a red light traveling at 78 miles per hour and broadsided another vehicle which had properly entered the intersection on a green light.

The impact was so severe that the rear end of the stolen car rose 10 feet into the air. The victims' vehicle came to rest 150 feet away from the stolen car. The two victims were killed instantly.

When the stolen car came to rest, the officers saw defendants alight and run into an open field. The officers chased them on foot and caught them a short distance away.

An eyewitness identified defendant as the driver of the stolen car. Blood samples left inside the stolen car, together with accident reconstruction evidence, indicated that the codefendant had been the passenger.

The People charged defendants with two counts of murder (Pen. Code, § 187), one count of evading an officer in willful disregard of the safety of persons or property (Veh. Code, § 2800.2, subd. (a)), and two counts of unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)). Defendant was also alleged to have suffered two prior strike convictions. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

The case was tried on the thesis that defendant was the driver of the stolen car. A jury found defendant guilty of all five charges. The second degree murder convictions were based on the theory that the deaths resulted from the commission of an inherently

4

dangerous felony—fleeing or attempting to elude an officer with willful or wanton disregard of the safety of persons or property. The People prosecuted defendant as the driver committing the felony. The court found the prior strike allegations true. It sentenced defendant to 140 years to life.

Defendant appealed his convictions contending that felony evading an officer was not an inherently dangerous felony, as the offense could be committed in a manner or by means which are not inherently dangerous to human life; therefore, he argued he could not be found guilty of murder under the felony-murder rule. We affirmed.

Thereafter, the California Supreme Court decided *People v. Howard* (2005) 34 Cal.4th 1129, in which it determined that Vehicle Code section 2800.2 was not an inherently dangerous felony, and so could not support a second degree felony-murder conviction. After the California Supreme Court's decision in *Howard*, we recalled the remittitur and vacated our earlier opinion inasmuch as the basis for affirming the convictions had been wholly abrogated. In a partially published opinion, we reversed defendant's convictions for murder.

In September 2006, the prosecutor filed a second amended information, realleging the two murder counts. Three years later, in September 2009, the People moved to dismiss the two murder counts. In December 2009, the People filed an information under a new case number, alleging the same two counts of murder that had been previously dismissed. On April 29, 2010, the information in the new case was amended to add two counts of voluntary manslaughter. (§ 192, subd. (a).)

5

On the same date, defendant pled guilty to two counts of voluntary manslaughter pursuant to a plea agreement with an agreed sentence of three years, concurrent, on each count. The murder counts and strike allegations were dismissed. The concurrent sentences on the voluntary manslaughter counts ran consecutively to the three strikes sentences in the earlier case arising from the same facts, i.e., 25 years to life, stayed, as to the conviction for evading the police, 25 years to life on one count of unlawfully taking and driving a vehicle, and a consecutive term of 25 years to life on the second count of unlawfully taking and driving a vehicle. Defendant's total term of incarceration was 53 years to life.

In 2012, the "Three Strikes" law was amended, to provide, in part, that persons sentenced on third strikes for offenses that were not themselves serious or violent felonies could petition for resentencing as if they had only been convicted of two strikes. Defendant filed such a petition, pursuant to section 1170.126, in November 2012. The trial court denied defendant's petition on November 27, 2012, finding that defendant was ineligible because he had been convicted of two counts of murder; the court was evidently not aware that the murder convictions had been reversed on appeal.

On appeal from the denial of his petition, defendant contended that the court erred in finding him ineligible for resentencing because his murder convictions had been reversed. We agreed and reversed with directions that the trial court exercise its discretion on the issue of whether reduction of defendant's sentence posed an unreasonable risk of danger to public safety.

6

On remand, the court found defendant ineligible for resentencing because he had used a deadly weapon, a vehicle, in his commission of the instant offenses. The court further found that even if defendant were eligible for resentencing, it would deny the petition because defendant posed an unreasonable risk of danger to public safety. The court noted that defendant had two prior convictions for assault with a deadly weapon, his prior strike convictions. The court observed that defendant had just been released from prison for those offenses 10 days earlier when he committed the instant offenses. It further exposited that all of defendant's convictions were for violent offenses.

Finally, the court noted that defendant had engaged in mutual combat with other inmates on 10 occasions while incarcerated. "So, in looking at the totality of the circumstances, if the defendant were statutorily eligible for resentencing . . . the Court would, nevertheless, deny the petition . . . on the grounds that the Court finds that the combination of the defendant's prior record, the facts and circumstances of this case, occurring only days after his release from state prison and being placed on parole and his continuing violent conduct in state prison, all indicates that the defendant currently poses . . . an unreasonable risk of dangerousness to the community."

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

7

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____

J.

We concur:

RAMIREZ_____

P. J.

CODRINGTON_____

J.